IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:00CV59 |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM AND ORDER** |
| HOMAR H. ESCARSEGA, | ) | |
| Defendant. | ) | |

This matter is before the court on defendant Homar Escarsega's ("Escarsega"), Motion to Amend Section 2255 Pursuant to Federal Rules of Civil Procedure 15(a) (Filing No. 54). Liberally construing the allegations of Escarsega's Application under 28 U.S.C. § 2255 for Writ of Habeas Corpus ("Petition"), he argues that the Petition should be granted based on the following claims:

> First Claim:   "State Counsel was ineffective in investigation, preparation or substantial reason."
>
> Second Claim:   "Violation of Sixth Amendment right to effective counsel."
>
> Third Claim:   "Counsel's performance was deficient. Performance prejudiced defense. Serious errors led to uncounselled Plea."
>
> Fourth Claim:   "Failure to move to suppress evidence, conduct adequate investigation, raise legal issues in Pre-trial Motions. Failure to introduce exculpatory evidence. Bad advice. Conflict of interest arising from conceding to the Government and not subjecting Government's case to meaningful adversarial testing."
>
> Fifth Claim:   "Petitioner [Escarsega] had irreconcilable differences with Counsel, who was ineffective at sentencing, and failed to file a Notice of Appeal."

Filing No. 54.

## BACKGROUND

Escarsega was indicted on February 24, 2000, in violation of 21 U.S.C. § 841 for possession with intent to distribute methamphetamine. Filing No. 1. On November 30, 2000,

this court sentenced Escarsega for a term of 135 months. Filing No. 37. Judgment was entered on December 13, 2000. Filing No. 39.

Escarsega's only subsequent motions, a Motion to Request Trial Transcripts and Legal Documents and a Motion for Leave to Proceed In Forma Pauperis (Filing Nos. 45 and 46), were both denied on January 18, 2011, because of deficiencies (the documents were not signed). Filing No. 50. This court also noted on January 18, 2011, that the time for a direct appeal had expired. On February 14, 2011, Escarsega filed a Motion to Vacate under 28 U.S.C. 2255 (Filing No. 51), and a motion to amend was filed on May 23, 2011. Filing No. 54.

## LAW

### Statute of Limitations

Under Rule 3 of the *Rules Governing Section 2255 Proceedings for the United States District Courts,* the time for filing a motion is governed by 28 U.S.C. § 2255(f). See *Rules Governing Section 2255 Proceedings for the United States District Courts,* Rule 3(c) (2011 Ed.).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

## ANALYSIS

The issue is whether the Petition was filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Here, there is no indication that the Petition was filed according to one of the dates specified in § 2255(f)(2)-(4).

The limitations period began to run on December 13, 2000, when Escarsega's judgment became final. Filing No. 39. Thus, Escarsega had one year from the date on which the judgment of conviction became final, or until December 13, 2001, to file his Petition in this court. Escarsega did not file his Petition until February 14, 2011, which is nearly a decade over the one-year period of limitation. Filing No. 51. In light of this, the court finds that Escarsega's Petition was not timely filed.

THEREFORE, IT IS ORDERED:

1. Defendant's Motion to Amend § 2255 (Filing No. 54) is granted.

2. Defendant's Petition for Writ of Habeas Corpus (Filing No. 51) is denied in all respects and this action is dismissed with prejudice.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 20th day of June, 2011.

BY THE COURT:

s/Joseph F. Bataillon
Chief United States District Judge